**IN THE COURT OF APPEALS OF IOWA**

No. 24-1861
Filed February 19, 2025

**IN THE INTEREST OF R.H.,**
**Minor Child,**

**D.H., Father,**
        Appellant.
_____

Appeal from the Iowa District Court for Linn County, Cynthia S. Finley,

Judge.

The father appeals the termination of his parental rights to one child.

**AFFIRMED**

Annette F. Martin, Cedar Rapids, for appellant father.

Brenna Bird, Attorney General, and Lisa Jeanes, Assistant Attorney

General, for appellee State.

Rebecca Williams, Cedar Rapids, attorney and guardian ad litem for minor

child.

Considered by Ahlers, P.J., and Badding and Buller, JJ.

**BULLER, Judge.**

The father appeals from the termination of his parental rights to a child born in 2023. Limiting our analysis to the claims properly presented in the father's petition on appeal, we affirm.

The child came to the attention of the Iowa Department of Health and Human Services (HHS) after testing positive for tetrahydrocannabinol (THC) at birth and shortly thereafter sustaining non-accidental injuries while in the care of the mother or her paramour. The child was found to be in need of assistance and placed in pre-adoptive foster care. And the father was later confirmed as the biological father through testing.

The father did not meaningfully engage with services after paternity was established and only attended three visits with the child in 2023, out of nineteen offered. In 2024, he attended four out of forty visits. The total parenting time for these fully-supervised visits added up to less than a day. The father also missed more than half of his required drug-testing appointments. And he has not engaged in significant mental-health treatment despite self-assessing that he has at least one mental-health diagnosis.

In trial testimony, the father blamed his lack of engagement with services and visits on sleep issues, not having his own apartment, his work hours, and deaths in his extended family. He clarified that he was not asking for the child to be returned to his custody immediately but instead for more time. And he agreed that, as of trial, it was in the child's best interest to remain with the foster parents.

The county attorney, HHS, and the child's guardian ad litem all recommended termination of parental rights. After trial, the juvenile court

terminated the father's parental rights under Iowa Code sections 232.116(1)(e), and (h) (2024).[1]  The mother's rights were also terminated, but she does not appeal.  We review the father's appellate claims de novo.  *See In re W.M.*, 957 N.W.2d 305, 312 (Iowa 2021).

The following sentence is the entirety of the substantive argument offered by the petition on appeal: "In this case, the father remained at fully supervised visits the entire case.  There was never a conversation about moving father to move the visits forward."  We are not sure exactly what this claim alleges.  In any event, while some boilerplate in the petition references section 232.116(1)(h), the father's rights were also terminated under (e), and we can summarily affirm on any unchallenged ground.  *See In re L.H.*, 13 N.W.3d 627, 629 (Iowa Ct. App. 2024).  For this reason, and because the father conceded in trial testimony the child could not be returned to his immediate custody, we summarily reject any challenge to the sufficiency of the elements.  *See In re D.C.*, No. 24-1792, 2025 WL 401965, at *4 (Iowa Ct. App. Feb. 5, 2025) (summarily affirming under similar circumstances).  We also observe the father does not make any challenge relating to reasonable efforts.

To the extent the father's claim regarding visits could be construed as a challenge that is properly before us, the failure to progress beyond fully supervised visits weighs in favor of affirming—rather than reversing—the termination of parental rights.  *See L.H.*, 13 N.W.3d at 629.  And we discern no failure by HHS in

---

[1] The juvenile court also made a finding that the father had abandoned the child within the meaning of section 232.116(1)(b), but the court did not rely on that provision in its "conclusions of law."  We similarly observe those elements may have been met, but we do not rely on them to affirm.

relation to the father's visits, given how many he missed over the course of two calendar years.

At another point in the briefing, the father generally references that he should have been granted "an additional six months to work towards reunification." He offers no substantive argument on this claim, and we deem it waived for failure to cite legal authority or advance substantive argument. *See* Iowa Rs. App. P. 6.201(1)(d), 6.1401–Form 5 (requiring "supporting legal authority" for all issues raised); *In re K.D.*, No. 21-0581, 2021 WL 3897419, at *2 (Iowa Ct. App. Sept. 1, 2021) (discussing these rules). But even if the issue had been briefed, we would affirm: there is no reason to think the father would be able to resume custody within six months, as he has not progressed beyond fully supervised visits, the child has been out of his custody nearly the entirety of the child's life, and he has made little if any progress toward reunification. *See In re W.T.*, 967 N.W.2d 315, 323–24 (Iowa 2021) (quoting Iowa Code section 232.104(2)(b) and discussing the requirements for granting additional time).

**AFFIRMED.**